Curia, per
Colcock, J.
Rebecca W. Rees and Ann 19 May 1825 E. Rees, by Reuben Long, their next friend, complain *58 that Thomas Sumter and Roger Parish have in their p0SSCSSi011 certain negro slaves, which they allege they are entitled to. It is stated in their bill that their grand father gave, by his will, a life estate, in the said negroes, o v ^ ^ to their father, John W. Rees, with remainder over to his children. This bill was amended and other parties added : John R. Carter, and Thomas Pawley, a free mulatto, were made defendants. And it was further alleged by complainants in their amended bill, that there were issue of the female slaves, claimed by them and unknown to them. The defendants pleaded to the jurisdiction of the Court, and the bill was dismissed by the presiding Chancellor. An appeal was made to the Court above, where it was ordered that the bill be restored and the defendants compelled to answer, which they accordingly did, acknowledging that they had the negroes, mentioned in the bill, in their possession, and held them, by purchase, at a full and fair price. They denied all unlawful combination and every intention to remove the negroes, and stated that the only female among them was past the age of child bearing, which, they aver, was a fact well known to the complainants’ prochein amy.
Upon a second hearing of the cause, the defendants again relied on their plea to the jurisdiction of the Court, when the presiding Chancellor Thompson again dismissed the bill for want of jurisdiction.
An appeal is now made to this Court on the following grounds:
1. That the Appeal Court of Equity had decided that the Court had jurisdiction, and that therefore it was not competent for the Chancellor to reverse their decision.
2. That if the said Appeal Court did decide on the question of jurisdiction and the same was still open, that the case made was within the Equity jurisdiction, and the Chancellor should have sustained the bill and decided on the merits.
ft the rule 0f Equity not where there is quateTmnedy and confirmed by i79i.Ct °f
„r, Where aparty could obtain quate™emedy by an action detinue for wiünot^entm> tain jurisdic-
ifIS" slaves, and íeaiiyigno-S ”n^ber and names, equity Tdiscoveiyas 8
3. That by the will of Hubbard Rees, the grand father of the complainants, they were entitled to the ne-groes named in their said bill.
Had the question of jurisdiction been determined by the decree of the Court of Appeals, that decree would have been supported by this Court, for the reasons stated in the case of Raoul and Haskell; but it is apparent that the Court only decided that the defendants should answer, in order the better to enable them to decide on the question of jurisdiction: and we cannot conceive that if the case had been again carried to them, with the answers, as exhibited to us, there would have been a doubt entertained on the subject.
It has long been the rule of the Court of Equity, that they would not entertain jurisdiction of a case, where there was a plain and adequate remedy at law. But this will has here become the positive law of the land. The legislature, in the re-organization of this Court in 1791, enacted, “That suits in equity shall not be sustained, any case where plain and adequate remedy can be had at the common law.” 1 Faust. 34.
We are then to inquire whether such remedy could be . . n „ . had at law in the case before us l W hat is the object of complainant’s bill1? 1st. To recover certain negroes, and the value of their service. And it does not admit of a doubt, that by an action of detinue this object might have been effected, or by an action of trover. For what in most instances is a more adequate remedy than the full value of the negroes, with a reasonable compensation for their labours. The next was to ascertain, any and what was, the issue of the females; and here it will be admitted, if there had been any issue, and the complainants were really ignorant as to the number and names of the children, that the aid of the court might have been necessary. But in such case, it would only have been required as ancillary to the Court of Law: for *60 one may be entitled to a discovery, and not to relief, in a Court of Equity: and.where one has a right to a disco-ve,T> he must shew that right clearly, and also shew that he has brought suit, or that the discovery is necessary to the commencement of his suit. 1 Madd. 214 — 216. ^is case> however, every pretext to the aid of the Court, in this particular, is removed; for there is no issue, and, indeed, no possibility of issue; as appears by the uncontradicted answer of the defendants. From this view’ of the case, it is unnecessary to consider the last ground. The motion is dismissed, and the decree of *he Chancellor affirmed.
to^discovery a clear right shewnand brought or that the dis-celsaiy'to'the the'actum^

Decree affirmed.